**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JONATHAN WAYNE CONDER**                                    **PLAINTIFF**
**#179564**

**v.**                              **No: 3:25-cv-00164-KGB-PSH**

**RONNIE COLE,** *et al.*                                     **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Jonathan Wayne Conder filed a *pro se* complaint on August 18, 2025, while incarcerated at the Clay County Detention Center (Doc. No. 1).  In an Initial Order for *Pro Se* Prisoner Plaintiffs (Doc. No. 2), Conder was notified of his obligation to comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas, including Local Rule 5.5(c)(2).

Specifically, he was notified that it was his duty pursuant to Local Rule 5.5(c)(2) to promptly notify the Clerk and parties to the proceedings of any change of address. He was also notified that failure to respond to any communication from the Court within 30 days may result in recommended dismissal of his case.  Doc. No. 2 at 1.

On December 19, 2025, mail sent to Conder at his address of record was returned as undeliverable (Doc. No. 10).  The same day, the Court entered a text order directing Conder to provide notice of his current mailing address no later than thirty days from the entry of the text order (Doc. No. 11).  He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed.  A printed version of the text order was sent to him at his last known address.

More than 30 days have passed, and Conder has not complied with or otherwise responded to the December 19 order.  Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders.  *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Conder's complaint and amended complaint (Doc. Nos. 1 & 7) be dismissed without prejudice.

DATED this 23rd day of January, 2026.

_____
UNITED STATES MAGISTRATE JUDGE